Filing # 217550457 E-Filed 02/25/2025 03:55:24 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA
CIVIL DIVISION

MAINA SCANES,                                    CASE NUMBER: CACE-24-018271

    Plaintiff,

v.

CHIPOTLE MEXICAN GRILL OF
COLORADO, LLC, a Foreign Limited
Liability Company,

    Defendant.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, MAINA SCANES, by and through the undersigned counsel, and hereby sues Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC, and in support thereof, alleges the following:

## GENERAL ALLEGATIONS

1. This is an action for damages in excess of Fifty Thousand Dollars ($50,000.00), exclusive of interest, costs, and attorney's fees.

2. At all times material to this action, Plaintiff, MAINA SCANES (hereinafter "Plaintiff"), was a natural person residing in Broward County, Florida.

3. At all times material to this action, Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC, was a Foreign Limited Liability Company authorized and licensed to conduct and transact business in the State of Florida, specifically in Broward County, Florida.

4. At all times material to this action, Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC, maintained agents and/or representatives in Broward County, Florida, for purposes of carrying out its business.

5. At all times material to this action, Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC, owned, operated, managed, maintained, possessed and/or controlled real property located at 2610 West Broward Boulevard, Fort Lauderdale, Florida 33312.

6. On or about June 17, 2023, Plaintiff was lawfully on the subject premises located at 2610 West Broward Boulevard, Fort Lauderdale, Florida 33312, for a purpose directly or indirectly connected to the business establishment located on the general premises.

7. At all times material to this action, Plaintiff was not prohibited from entering and/or being on the subject premises located at 2610 West Broward Boulevard, Fort Lauderdale, Florida 33312.

8. At all times material to this action, Plaintiff did not remain on the subject premises located at 2610 West Broward Boulevard, Fort Lauderdale, Florida 33312, for an unreasonable amount of time.

9. All conditions precedent to the filing and/or maintenance of this action against Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC, have been performed, occurred, excused, and/or waived.

10. Venue is proper in Broward County, Florida.

11. Jurisdiction is proper in Broward County Circuit Court.

## COUNT I
## NEGLIGENCE CLAIM AGAINST DEFENDANT,
## CHIPOTLE MEXICAN GRILL OF COLORADO, LLC

12. Plaintiff hereby adopts and realleges paragraphs one (1) through eleven (11) above, as though fully set forth and incorporated herein.

13. At all times material to this action, Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC, owed a duty of care to the Plaintiff, as an invitee, to maintain the subject premises located at 2610 West Broward Boulevard, Fort Lauderdale, Florida 33312, in a reasonably safe condition.

14. At all times material to this action, Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC, owed a duty of care to the Plaintiff, as an invitee, to correct any dangerous condition(s) on the subject premises located at 2610 West Broward Boulevard, Fort Lauderdale, Florida 33312, about which Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC, either knew or should have known, by the use of reasonable care.

15. At all times material to this action, Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC, owed a duty of care to the Plaintiff, as an invitee, to warn of any dangerous condition(s) on the subject premises located at 2610 West Broward Boulevard, Fort Lauderdale, Florida 33312, about which Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC, had, or should have had, knowledge greater than that of the Plaintiff.

16. At all times material to this action, Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC, owed a duty of care to the Plaintiff, as an invitee, to remedy any dangerous condition(s) on the subject premises located at 2610 West Broward Boulevard, Fort Lauderdale, Florida 33312, about which Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC, had actual and/or constructive knowledge.

17. Notwithstanding, Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC, breached its duties of care owed to the Plaintiff, as an invitee, in one or more of the following manners[1]:

  a. Negligently failing to devise and/or implement any policies and procedures or adequate policies and procedures for purposes of identifying and correcting any dangerous condition(s) on the subject premises located at 2610 West Broward Boulevard, Fort Lauderdale, Florida 33312, thus creating a foreseeable zone of risk to customers of the restaurant, including the Plaintiff, when traversing inside the subject property;

  b. Negligently failing to train its employees or adequately train its employees for purposes of identifying and correcting dangerous condition(s) on the subject premises located at 2610 West Broward Boulevard, Fort Lauderdale, Florida 33312, thus creating a foreseeable zone of risk to customers of the restaurant, including the Plaintiff, when traversing inside the subject property;

  c. Negligently failing to devise and/or implement any policies and procedures or adequate policies and procedures for purposes of evaluating and assessing whether the subject premises located at 2610 West Broward Boulevard, Fort Lauderdale, Florida 33312, constitutes or presents a dangerous condition when the flooring inside said premises becomes wet

---

[1] The following breaches of duties owed to the Plaintiff are merely a representative sample of those breaches presently believed or known to exist and are neither intended to, nor do they serve to limit, any of the various breaches identified herein, or (a) any additional breaches which require further investigation and/or testing to identify; or (b) any additional breaches that have not been discovered or could not have been discovered through the exercise of reasonable diligence.

4

and/or slippery, thus creating a foreseeable zone of risk to customers of the restaurant, including the Plaintiff, when traversing inside the subject property;

d. Negligently failing to train its employees or adequately train its employees for purposes of evaluating and assessing whether the subject premises located at 2610 West Broward Boulevard, Fort Lauderdale, Florida 33312, constitutes or presents a dangerous condition when the flooring inside said premises becomes wet and/or slippery, thus creating a foreseeable zone of risk to customers of the restaurant, including the Plaintiff, when traversing inside the subject property;

e. Negligently failing to inspect and/or test or adequately inspect and/or test the subject premises located at 2610 West Broward Boulevard, Fort Lauderdale, Florida 33312, for purposes of evaluating and assessing whether the flooring inside said premises was wet and/or slippery, thus creating a foreseeable zone of risk to customers of the restaurant, including the Plaintiff, when traversing inside the subject property;

f. Negligently failing to inspect and/or test or adequately inspect and/or test the subject premises located at 2610 West Broward Boulevard, Fort Lauderdale, Florida 33312, for purposes of evaluating and assessing whether the flooring inside said premises had a minimum dynamic co-efficient of friction to prevent and/or lessen slip and falls on wet and/or slippery substances that accumulate on the floor, thus creating a foreseeable

zone of risk to customers of the restaurant, including the Plaintiff, when traversing inside the subject property;

g. Negligently failing to maintain or adequately maintain the subject premises located at 2610 West Broward Boulevard, Fort Lauderdale, Florida 33312, in a reasonably safe condition by not drying the flooring inside said premises, thus creating a foreseeable zone of risk to customers of the restaurant, including the Plaintiff, when traversing inside the subject property;

h. Negligently failing to maintain or adequately maintain the subject premises located at 2610 West Broward Boulevard, Fort Lauderdale, Florida 33312, in a reasonably safe condition by allowing wet and/or slippery substances to remain on the flooring inside said premises, thus creating a foreseeable zone of risk to customers of the restaurant, including the Plaintiff, when traversing inside the subject property;

i. Negligently failing to maintain or adequately maintain the subject premises located at 2610 West Broward Boulevard, Fort Lauderdale, Florida 33312, in a reasonably safe condition by not placing any recessed or other water-absorbent mats inside said premises, thus creating a foreseeable zone of risk to customers of the restaurant, including the Plaintiff, when traversing inside the subject property;

j. Negligently failing to maintain or adequately maintain the subject premises located at 2610 West Broward Boulevard, Fort Lauderdale, Florida 33312, in a reasonably safe condition by allowing it to remain without placement

      of any recessed or other water-absorbent mats inside said premises, thus creating a foreseeable zone of risk to customers of the restaurant, including the Plaintiff, when traversing inside the subject property;

k. Negligently failing to maintain or adequately maintain the subject premises located at 2610 West Broward Boulevard, Fort Lauderdale, Florida 33312, in a reasonably safe condition by painting or repainting the flooring inside said premises without skid-resistant and/or anti-slip paint, thus creating a foreseeable zone of risk to customers of the restaurant, including the Plaintiff, when traversing inside the subject property;

l. Negligently failing to maintain or adequately maintain the subject premises located at 2610 West Broward Boulevard, Fort Lauderdale, Florida 33312, in a reasonably safe condition by surfacing or resurfacing the flooring inside said premises without skid-resistant and/or anti-slip material(s), thus creating a foreseeable zone of risk to customers of the restaurant, including the Plaintiff, when traversing inside the subject property;

m. Negligently failing to maintain or adequately maintain the subject premises located at 2610 West Broward Boulevard, Fort Lauderdale, Florida 33312, in a reasonably safe condition by allowing the flooring inside said premises that was painted or repainted without skid-resistant and/or anti-slip paint to remain, thus creating a foreseeable zone of risk to customers of the restaurant, including the Plaintiff, when traversing inside the subject property;

n. Negligently failing to maintain or adequately maintain the subject premises located at 2610 West Broward Boulevard, Fort Lauderdale, Florida 33312, in a reasonably safe condition by allowing the flooring inside said premises that was surfaced or resurfaced without skid-resistant and/or anti-slip material(s) to remain, thus creating a foreseeable zone of risk to customers of the restaurant, including the Plaintiff, when traversing inside the subject property;

o. Negligently failing to maintain or adequately maintain the subject premises located at 2610 West Broward Boulevard, Fort Lauderdale, Florida 33312, in a reasonably safe condition by not placing any signage and/or cones where the flooring inside said premises was wet and/or slippery, or otherwise limiting and/or restricting access inside said premises where the flooring was wet and/or slippery, thus creating a foreseeable zone of risk to customers of the restaurant, including the Plaintiff, when traversing inside the subject property;

p. Negligently failing to correct the dangerous condition(s) on the subject premises located at 2610 West Broward Boulevard, Fort Lauderdale, Florida 33312, by not drying the flooring inside said premises, about which Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC, either knew or should have known, by the use of reasonable care, thus creating a foreseeable zone of risk to customers of the restaurant, including the Plaintiff, when traversing inside the subject property;

q. Negligently failing to correct the dangerous condition(s) on the subject premises located at 2610 West Broward Boulevard, Fort Lauderdale, Florida 33312, by allowing wet and/or slippery substances to remain on the flooring inside said premises, about which Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC, either knew or should have known, by the use of reasonable care, thus creating a foreseeable zone of risk to customers of the restaurant, including the Plaintiff, when traversing inside the subject property;

r. Negligently failing to correct the dangerous condition(s) on the subject premises located at 2610 West Broward Boulevard, Fort Lauderdale, Florida 33312, by not placing any recessed or other water-absorbent mats inside said premises, about which Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC, either knew or should have known, by the use of reasonable care, thus creating a foreseeable zone of risk to customers of the restaurant, including the Plaintiff, when traversing inside the subject property;

s. Negligently failing to correct the dangerous condition(s) on the subject premises located at 2610 West Broward Boulevard, Fort Lauderdale, Florida 33312, by allowing it to remain without placement of any recessed or other water-absorbent mats inside said premises, about which Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC, either knew or should have known, by the use of reasonable care, thus creating a

foreseeable zone of risk to customers of the restaurant, including the Plaintiff, when traversing inside the subject property;

t. Negligently failing to correct the dangerous condition(s) on the subject premises located at 2610 West Broward Boulevard, Fort Lauderdale, Florida 33312, by not painting or repainting the flooring inside said premises with skid-resistant and/or anti-slip paint, about which Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC, either knew or should have known, by the use of reasonable care, thus creating a foreseeable zone of risk to customers of the restaurant, including the Plaintiff, when traversing inside the subject property;

u. Negligently failing to correct the dangerous condition(s) on the subject premises located at 2610 West Broward Boulevard, Fort Lauderdale, Florida 33312, by not surfacing or resurfacing the flooring inside said premises with skid-resistant and/or anti-slip material(s), about which Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC, either knew or should have known, by the use of reasonable care, thus creating a foreseeable zone of risk to customers of the restaurant, including the Plaintiff, when traversing inside the subject property;

v. Negligently failing to correct the dangerous condition(s) on the subject premises located at 2610 West Broward Boulevard, Fort Lauderdale, Florida 33312, by allowing the flooring inside said premises that was painted or repainted without skid-resistant and/or anti-slip paint to remain, about which Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO,

|     | |
| --- | --- |
|     | LLC, either knew or should have known, by the use of reasonable care, thus creating a foreseeable zone of risk to customers of the restaurant, including the Plaintiff, when traversing inside the subject property; |
| w.  | Negligently failing to correct the dangerous condition(s) on the subject premises located at 2610 West Broward Boulevard, Fort Lauderdale, Florida 33312, by allowing the flooring inside said premises that was surfaced or resurfaced without skid-resistant and/or anti-slip material(s) to remain, about which Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC, either knew or should have known, by the use of reasonable care, thus creating a foreseeable zone of risk to customers of the restaurant, including the Plaintiff, when traversing inside the subject property; |
| x.  | Negligently failing to warn the Plaintiff that the flooring inside the subject premises located at 2610 West Broward Boulevard, Fort Lauderdale, Florida 33312, was wet and/or slippery, about which Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC, had, or should have had, knowledge greater than that of the Plaintiff, thus creating a foreseeable zone of risk to customers of the restaurant, including the Plaintiff, when traversing inside the subject property; |
| y.  | Negligently failing to warn the Plaintiff that the flooring inside the subject premises located at 2610 West Broward Boulevard, Fort Lauderdale, Florida 33312, becomes slippery when wet, about which Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC, had, or should |

|   |   |
|---|---|
|   | have had, knowledge greater than that of the Plaintiff, thus creating a foreseeable zone of risk to customers of the restaurant, including the Plaintiff, when traversing inside the subject property; |
| z. | Negligently failing to warn the Plaintiff that the flooring inside the subject premises located at 2610 West Broward Boulevard, Fort Lauderdale, Florida 33312, was wet and/or slippery by not placing any signage and/or cones in said area(s), about which Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC, had, or should have had, knowledge greater than that of the Plaintiff, thus creating a foreseeable zone of risk to customers of the restaurant, including the Plaintiff, when traversing inside the subject property. |

18. As a result, while the Plaintiff was lawfully on the subject premises located at 2610 West Broward Boulevard, Fort Lauderdale, Florida 33312, she slipped and fell on wet and/or slippery substance(s) on the flooring inside said premises, resulting in the Plaintiff sustaining serious and permanent bodily injuries.

19. The dangerous condition(s) on the subject premises located at 2610 West Broward Boulevard, Fort Lauderdale, Florida 33312, were created by Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC, its agents, servants, and/or employees, and/or known to Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC, its agents, servants, and/or employees, and/or existed for a sufficient length of time that in the exercise of ordinary care, Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC, its agents, servants, and/or employees, should have known of the dangerous condition(s), and/or the dangerous condition(s) occurred with regularity and was thus foreseeable, and therefore, Defendant, CHIPOTLE

MEXICAN GRILL OF COLORADO, LLC, its agents, servants, and/or employees, should have taken action to remedy it, but failed to do so, thereby creating a foreseeable zone of risk to customers of the restaurant, including the Plaintiff, when traversing inside the subject property.

20. The dangerous condition(s) associated with the subject premises located at 2610 West Broward Boulevard, Fort Lauderdale, Florida 33312, were neither open nor obvious.

21. As a direct and proximate result of Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC's, failure to maintain the subject premises located at 2610 West Broward Boulevard, Fort Lauderdale, Florida 33312, in a reasonably safe condition, or in other words, due to Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC's, negligence, Plaintiff suffered injury(ies) in and about her body and extremities, resulting in pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation and/or activation of pre-existing injury(ies) and/or condition(s), pre-disposition to further bodily injury(ies), expense of hospitalization, medical and/or nursing services, care, and treatment, loss of earnings in the past and future, loss of the ability to earn in the future, loss of compensation in the past and future, transportation expenses, and out-of-pocket expenses. The losses are either permanent or continuing in nature and the Plaintiff will continue to suffer such losses in the future.

22. As a direct and proximate result of Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC's, failure to correct any dangerous condition(s) on the subject premises located at 2610 West Broward Boulevard, Fort Lauderdale, Florida 33312, about which Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC, either knew or should have known, by the use of reasonable care, or in other words, due to Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC's, negligence, Plaintiff suffered injury(ies) in and about her body and

extremities, resulting in pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation and/or activation of pre-existing injury(ies) and/or condition(s), pre-disposition to further bodily injury(ies), expense of hospitalization, medical and/or nursing services, care, and treatment, loss of earnings in the past and future, loss of the ability to earn in the future, loss of compensation in the past and future, transportation expenses, and out-of-pocket expenses. The losses are either permanent or continuing in nature and the Plaintiff will continue to suffer such losses in the future.

23. As a direct and proximate result of Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC's, failure to warn the Plaintiff of any dangerous condition(s) on the subject premises located at 2610 West Broward Boulevard, Fort Lauderdale, Florida 33312, about which Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC, had, or should have had, knowledge greater than that of the Plaintiff, or in other words, due to Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC's, negligence, Plaintiff suffered injury(ies) in and about her body and extremities, resulting in pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation and/or activation of pre-existing injury(ies) and/or condition(s), pre-disposition to further bodily injury(ies), expense of hospitalization, medical and/or nursing services, care, and treatment, loss of earnings in the past and future, loss of the ability to earn in the future, loss of compensation in the past and future, transportation expenses, and out-of-pocket expenses. The losses are either permanent or continuing in nature and the Plaintiff will continue to suffer such losses in the future.

24. As a direct and proximate result of Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC's, failure to take action to remedy any dangerous condition(s) on the subject

premises located at 2610 West Broward Boulevard, Fort Lauderdale, Florida 33312, about which Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC, had actual knowledge and/or constructive knowledge, or in other words, due to Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC's, negligence, Plaintiff suffered injury(ies) in and about her body and extremities, resulting in pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation and/or activation of pre-existing injury(ies) and/or condition(s), pre-disposition to further bodily injury(ies), expense of hospitalization, medical and/or nursing services, care, and treatment, loss of earnings in the past and future, loss of the ability to earn in the future, loss of compensation in the past and future, transportation expenses, and out-of-pocket expenses. The losses are either permanent or continuing in nature and the Plaintiff will continue to suffer such losses in the future.

WHEREFORE, Plaintiff, MAINA SCANES, demands judgment for all damages against Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC, in excess of Fifty Thousand Dollars ($50,000.00), as well as taxable costs, expert fees, and for any and all further relief this Honorable Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, MAINA SCANES, hereby demands trial by jury of all issues so triable as a matter of right.

WHEREFORE, Plaintiff, MAINA SCANES, demands judgment for all damages against Defendant, CHIPOTLE MEXICAN GRILL OF COLORADO, LLC, in excess of Fifty Thousand Dollars ($50,000.00), as well as taxable costs, expert fees, and for any and all further relief this Honorable Court deems just and proper under the circumstances.

RESPECTFULLY submitted this 25th day of February, 2025.

                                                                          **THE INJURY FIRM**

                                                                          /s/ Rachel M. Shirk
Rachel M. Shirk, Esq.
Florida Bar No.: 1024842
1608 East Commercial Boulevard
Fort Lauderdale, Florida 33334
Tel.: (954) 951-0000
Fax: (954) 951-1000
Primary E-Mail Service Address:
eservice4@flinjuryfirm.com
Secondary E-Mail Service Address:
rachel@flinjuryfirm.com
Tertiary E-Mail Service Addresses:
records@flinjuryfirm.com
*Counsel for Plaintiff*